IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tharo Systems, Inc., | ) | CASE NO:   1:07-cv-00423 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| cab Produkttechnik GmBH & Co. KG, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **& ORDER** |
| | ) | |

On August 28, 2007, Plaintiff, Tharo Systems, Inc. ("Tharo") filed its First Amended Complaint for Declaratory Judgment seeking the following declarations: (1) A declaration that cab is not entitled to the source code for the EASYLABEL products under the "Letter of Understanding" ("LOU") and (2) a declaration that cab is estopped from asserting a claim to the source code for the EASYLABEL products under the LOU.  (Doc. No. 16 at 4-5.)  Defendant, cab Produkttechnik GMBH & Co. KG ("cab") filed an Answer on October 17, 2007.  (Doc. No. 20).  At the case management conference held on June 26, 2007, the Court set a dispositive motion deadline of December 1, 2007.  Subsequently, at a status conference held on September 24, 2007, counsel for both parties indicated a desire to proceed to trial and accordingly, a bench trial was scheduled for November 13, 2007.  On October 26, 2007, cab filed a motion to dismiss for lack of subject matter jurisdiction (Doc. No. 21) and on October 29, 2007, cab filed a motion for judgment on the pleadings (Doc. No. 22).  For the reasons set froth below, the motions are **DENIED**.

## I.  Background Facts

Tharo is an Ohio corporation engaged in the business of developing bar code label printing software and the sale and service of thermal transfer printers.  cab is a German corporation with its principle place of business in Karlsruhe, Germany.  cab manufacture thermal transfer printers and label applicators.  Tharo and cab had a business relationship from 1996 through 2002.  In 1996, the parties executed the LOU, setting forth the details of their relationship in several respects.  (First Am. Compl. ¶ 7.)

In 2003, Tharo filed an action against cab in an Ohio state court, seeking damages for breach of a contract, promissory estoppel, equitable estoppel, unjust enrichment, quantum meruit and/or restitution ("*cab I*").  All of the claims arose from matters related to the "Letter of Understanding" ("the LOU").  (*Id*. ¶ 9.)  The case was removed to federal court, and was eventually tried to a jury in this Court in 2004.  (*Id.* ¶¶ 9,11.)   The jury found that a contract existed and awarded damages to Tharo on its second and third causes of action.  (*Id*. ¶ 11.)  On the second cause of action, the jury found that cab breached the LOU by failing to sell printers and parts to Tharo at the price in the LOU.  (*Id*.)  On the thrid cause of action, the jury found that cab breached the LOU by failing to provide full information to Tharo as required by the LOU. (*Id*.)  On October 6, 2004, the Court entered judgment against cab in the amounts of €1,066,340.6 and €5,752,361.35.  (*Id*.)  These amounts were reduced by the Court in subsequent orders. (*Id*. ¶ 12.)  After the Sixth Circuit Court of Appeals affirmed the judgment, cab unsuccessfully petitioned the United States Supreme Court for a writ of *certiorari*.  As of January 22, 2007, all appeals on *cab I* have been exhausted.  (*Id*.)

In January 2007, Tharo sent a letter to counsel for cab demanding payment of the final

judgment. (*Id*. ¶ 13.) In response, counsel for cab sent a letter to counsel for Tharo, asserting a claim against Tharo, under the LOU, for the source code used by Tharo's EASYLABEL line of products. (*Id*.) Shortly thereafter, Tharo filed a collection action against cab in the District Court in Karlusche, Germany ("the German action") to enforce the final judgment of this Court in *cab I*. (*Id*. ¶ 14.) Tharo then filed the instant action for declaratory relief on February 15, 2007. Six months later, in August 2007, cab filed a counterclaim in the German action asserting a right to the source code for Tharo's EASYLABEL products pursuant to Paragraph 10 of the LOU. (*Id*. ¶ 15.) Tharo's enforcement claim and cab's counterclaim are currently pending in Germany.

## II. Motion for Judgment on the Pleadings

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The plain language of Rule 12(c) does not permit motions for judgment on the pleadings where the motion will "delay the trial." *Id*. As cab filed its motion approximately two weeks before trial, the Court held a telephone conference to determine whether the motion for judgment on the pleadings, as well as cab's motion to dismiss for lack of subject matter jurisdiction, could be briefed by Tharo without delaying the trial. At that time, the Court ordered Tharo to respond to the motions by November 5, 2007, or if unable to do so, to file a motion for a continuance. On November 5, 2007, Tharo filed a brief in opposition to cab's motion for judgment on the pleadings. The Court is able to rule on the motion without delaying trial. For the reasons discussed below, cab's motion (Doc. No. 22) is **DENIED**.

cab asserts that Tharo's declaratory judgment claims are barred by "*res judicata*, waiver,

estoppel, and laches." (Doc. No. 22 at 1.) However, cab's brief addresses only the assertion that the claims are barred by *res judicata*. Accordingly, the Court will consider only the *res judicata* argument. When ruling on a motion for judgment on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 512 (6th Cir. 2001)). Applying this standard, the Court finds that cab is not entitled to judgment on the pleadings.

The doctrine of *res judicata* bars the relitigation of "a claim or cause of action previously adjudicated," as well as the litigation of "a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660-661 (6th Cir. 1990). A claim is barred by *res judicata* only if the following elements are satisfied:

> (1) there is a final decision on the merits of the first action by a court of competent jurisdiction;
>
> (2) the second action involves the same parties, or their privies, as the first;
>
> (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and
>
> (4) there is identity of claims

*Walker v. General Tel. Co.*, 25 Fed. Appx. 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc*., 973 F.2d 474, 480 (6th Cir. 1992)).

The Court finds that the third element – the requirement that the action raise an issue which should have been litigated in the first action– is not satisfied. This becomes clear upon consideration of the nature of Tharo's claim and the circumstances giving rise to it, as set forth in

Tharo's First Amended Complaint. Based on the facts asserted therein, at the time Tharo filed the action in *cab I*, Tharo could not have sought either of the declarations it now seeks. A requirement for pleading a declaratory judgment claim is the existence of an "actual controversy." *Calderon v. Ashmus*, 523 U.S. 740 (1998). Whether there is an actual controversy depends on whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

As to Tharo's first claim for relief – seeking a declaration that cab is not entitled to the source code under the LOU– there does not appear to have been, nor does cab allege there to have been, an actual dispute as to the source code under the LOU such that Tharo could have asserted a claim for declaratory relief regarding the source code.[1] As there was no actual controversy over the source code at the time of *cab I*, Tharo could not have reasonably been expected to file a claim for declaratory relief. As to Tharo's second claim for relief – seeking a declaration that cab is estopped from asserting a claim to the source code– even if at the time of the prior action, Tharo had reason to believe cab would assert a right to the source code, Tharo could not reasonably have sought a declaration that such a claim was barred by *res judicata* because it was not so barred until after the adjudication of *cab I*. Therefore, neither of the declaratory judgment claims asserted by Tharo are claims that Tharo could have raised prior to the adjudication of *cab I*. As Tharo could not have raised these claims in *cab I*, it cannot now be said that Tharo "should" have raised them at that time. Accordingly, Tharo's claims are not barred by *res judicata*.

---

[1] The Court notes that Defendant, on the other hand, who has now asserted rights to the source code in the pending German action, could have asserted those rights as a compulsory counterclaim in *cab I*. Of course, this is precisely Tharo's argument in its second claim for a declaratory relief.

The Court raises a final point regarding the logical implication of cab's argument.  In the German action, cab has asserted a claim that it is entitled to the source code under the LOU.  In this action, Tharo seeks a declaration that any such claim as to the source code is barred by *res judicata*.  In making the argument that Tharo's declaratory relief claim is barred by *res judicata*, cab necessarily argues, by implication, that its own claim for the source code is barred by *res judicata*.  Of course, as cab has filed the claim in Germany, it may not be concerned about the practical implications of its argument as to that claim.

For the reasons set forth above, cab's motion for judgment on the pleading is **DENIED**.

### III.  cab's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction in this case is based on diversity of citizenship.  cab does not dispute the existence of diversity jurisdiction.  Rather, cab asserts that the Court "lacks subject matter jurisdiction to grant the declaratory relief requested" by Tharo.  The Court disagrees.

The Declaratory Judgment Act ("DJA") provides, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). While the existence of an "actual controversy" is a prerequisite to federal court jurisdiction over a declaratory judgment action, district courts possess "wide discretion" in deciding whether to exercise this authority.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("District courts possess discretion in the determination whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.").

The Sixth Circuit has adopted the following five-factor test to determine whether a court should entertain a declaratory judgment action:

>   (1) whether the judgment would settle the controversy;
>
>   (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
>   (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";
>
>   (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
>   (5) whether there is an alternative remedy that is better or more effective.

*AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).  Applying these factors to the facts of this case, the Court finds that retention of jurisdiction over this declaratory judgment action is appropriate.

**A.  Resolution of the Controversy**

The first factor weighs in favor of exercising jurisdiction over the action because a judgment in this case would settle the controversy regarding rights to the source code.  cab argues that a judgment by this Court would not settle the controversy because (1) it is likely that one or both parties will appeal the judgment and (2) "the prevailing party in this action will have to take . . . steps to have the Court's judgment recognized outside the United States, where litigation between the parties will continue."  (Doc. No. 21-2 at 5.)  Neither of these arguments are persuasive.  As to cab's first argument, because a party can appeal a judgment in any case, a party can always argue that the judgment would not settle the controversy.  Therefore, this argument merits no weight.

As to cab's second argument, it is not at all clear why the prevailing party in this case would have to "take steps to have the Court's judgment recognized outside the United States."  According to Tharo, Tharo is "the owner of the technology and intellectual property on which

-7-

the EASYLABEL software is based" and "the EASYLABEL source code at issue is located in the United States." (Doc. No. 37 at 4.) These assertions are consistent with the allegations in the First Amended Complaint that Tharo is an American company and that EASYLABEL is one of its products. (Doc. No. 16 ¶¶ 1, 5.) cab has not disputed these allegations.

While cab is correct that litigation between the parties will continue regardless of the outcome of this case, the judgment in this case will actually settle the controversy whether cab is entitled to the source code. If this Court finds that cab is entitled to the source code, cab need not pursue its claim in Germany or anywhere else. By contrast, if this Court declines jurisdiction in this case, and cab succeeds in the German action, cab would have to file another lawsuit in the United States to have the German judgment enforced. As the judgment of a United States court will ultimately settle the controversy regarding entitlement to the source code, this factor weighs in favor of allowing this action to proceed.

**B. Useful Purpose**

cab argues that this action would serve no useful purpose because a coercive action on the same issue is currently pending in Germany. The existence of a pending coercive action typically weighs against allowing a declaratory judgment action. The Sixth Circuit has stated as follows:

> Where a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified.

*AmSouth*, 386 F.3d at 787.

While cab's argument is persuasive, there are two reasons why, despite the existence of the coercive action, this action will serve a useful purpose in clarifying the legal relations at

-8-

issue. First, the coercive claim filed by cab is a contingent counterclaim that will be litigated only if the German court rejects cab's defenses to Tharo's enforcement claim. (Doc. No. 37, Ex. A at 9.) Thus, it is not certain that the German court will clarify the legal relations of the parties regarding the source code.

Second, as the coercive action has been filed in Germany, a judgment by the German court will not be enforceable in the United States absent the filing of another lawsuit in the United States. As discussed above, if cab succeeds on this action, the relations of the parties as to the source code, in the United States, will be clarified. If cab succeeds on its coercive claim in Germany, the relations of the parties in the United States will not be clarified. For this reason, this case is distinguishable from *AmSouth*, in which both the declaratory action and the coercive action were filed within the United States so that there was no issue as to the enforceability of the judgment in the coercive action.

## C. Forum Shopping and Procedural Fencing

In determining whether a declaratory judgment action has been filed for the improper purpose of procedural fencing, "[t]he question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." Here, it appears that Tharo has filed this action in an attempt to get its choice of forum. Tharo argues that cab's claim regarding the source code was aimed at discouraging Tharo from filing an action to collect on the judgment in *cab I*, and that Tharo has filed this action in response to cab's "blatant procedural fencing."

The distinction between proper forum selection and improper forum shopping has been stated as follows. Proper forum selection occurs when "a plaintiff seeking redress for a

cognizable injury . . . choose[es] among several forums, to select the one that it finds more attractive." *Int'l Union v. Dana Corp.*, No. 3:99CV7603, 1999 WL 33237054, at *4 (N.D. Ohio Dec. 6, 1999). Forum shopping "occurs when a party, perceiving that it may find itself forced into a disadvantageous forum, seeks to manipulate procedural devices to secure an advantage which, were those devices not available, it could not employ to defeat its opponent's choice of forum." *Id.*

Tharo asserts the following motive in filing the instant action: "Tharo filed a declaratory judgment action before the Court that already interpreted the LOU years ago in order to prevent cab from forum shopping to a forum that it perceived would be more friendly to its settlement strategy." (Doc. No. 37 at 5.) Tharo alleges that it filed this action shortly after it received cab's letter asserting a claim to the source code. (Doc. No. 16 ¶ 13.) Rather than waiting for cab to file a coercive action in Germany, Tharo filed the instant action. Based on these facts, it is clear that Tharo has attempted to select a more attractive forum. However, it is not clear whether Tharo has engaged in forum shopping.

**D. Friction With Another Jurisdiction**

The fourth factor asks "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." In cases involving a foreign jurisdiction, the proper question is whether the use of a declaratory action would create friction between the American and foreign court and improperly encroach on the jurisdiction of the foreign court. See, *e.g.*, *Dow Jones & Co. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 441 (S.D.N.Y. 2002); *Basic v. Fitzroy Eng'g, Ltd.*, 949 F.Supp 1333, 1340-41 (N.D. Ill. 1996). In this case, allowing the declaratory action to proceed will not cause friction between

American and German courts.  A declaratory judgment by this Court regarding cab's entitlement to the source code would not interfere with the German court's decision on the enforceability of the *cab I* judgment in Germany.  Moreover, unlike the judgment in *cab I*, the prevailing party in this action will not need to seek enforcement of the judgment in Germany.

Additionally, where "the foreign action is pending rather than decided, comity counsels that priority generally goes to the suit filed first."  *Ronar, Inc. v. Wallace*, 649 F.Supp. 310, 318 (S.D.N.Y. 1986).  Tharo filed its claim for declaratory relief approximately six months before cab filed it currently pending contingent counterclaim in Germany.  While this Court is ready to address the merits of this action, cab's contingent counterclaim in the German case may  never be adjudicated, as it is contingent on the court's rejection of cab's anti-trust defense to the enforcement of the *cab I* judgment.  Under these circumstances, a judgment in this case will not improperly encroach upon the jurisdiction of the German court.

**E.  Better Alternative Remedy**

The final factor is whether there is a better or more effective alternative remedy than declaratory relief.  "In this regard, 'the tests are whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not the other remedy is more effective or efficient."  *Dow Jones & Co.*, 237 F.Supp.2d at 442-43 (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2758, at 519 (3d ed. 1998)).  The judgment will serve a useful purpose in finally resolving the controversy regarding cab's claim that it is entitled to the source code.  The Court's exercise of jurisdiction over this action will also promote efficiency.  As previously discussed, because the source code is in the United States, a judgment by this Court as to whether cab is

entitled to the source code will settle the matter finally.  If the Court declines jurisdiction and if cab succeeds in Germany, the German judgment would have no effect in the United States absent the filing of another lawsuit seeking recognition of the judgment in the United States.  Finally, it would also be more efficient for this Court to entertain this action because, the Court is intimately familiar with the foundation of Tharo's claims, the LOU and the proceedings in *cab I*.

For these reasons, the fifth factor weighs heavily in favor of the Court's exercise of jurisdiction over this action.

Except for the third factor, all the factors clearly weigh in favor of allowing the case to proceed.  Therefore, the Court will entertain this declaratory judgment action.  Accordingly, cab's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 21) is **DENIED**.

### IV.  Conclusion

For the foregoing reasons, cab's motion for judgment on the pleadings (Doc. No. 22) is **DENIED** and cab's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 21) is **DENIED**.

**IT IS SO ORDERED.**

*s/Nancy A. Vecchiarelli*
United States Magistrate Judge

DATE: November 9, 2007