**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Tharo Systems, Inc., | ) CASE NO:   1:07-cv-00423 |
|   Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
|   vs. | ) NANCY A. VECCHIARELLI |
| | ) |
| cab Produkttechnik GmbH & Co. KG, | ) |
| | ) **MEMORANDUM OPINION &** |
|   Defendant. | ) **ORDER** |
| | ) |

On November 13, 2007, prior to the commencement of trial, the Court held a hearing to resolve outstanding legal issues, and in particular, the issue raised by Count II of Plaintiff, Tharo Systems, Inc.'s ("Tharo") First Amended Complaint.  Count II of Tharo's First Amended Complaint seeks a declaration that any claim asserted by Defendant, cab Produckttechnik, GmbH & Co. KG ("cab") for the source code to the Easylabel products is barred by cab's failure to assert such claim as a compulsory counterclaim in the prior litigation between the parties in Case No. 1:03-CV-0419 ("*cab I*").  Counsel agreed that the *res judicata* issue raised by Count II, and as set forth in the parties' trial briefs, was a legal issue.  After considering counsels' arguments at the hearing, the Court ruled in favor of Plaintiff on Count II and dismissed Count I for the following reasons.

### **I.  Background**

In *cab I*, Tharo filed an action against cab in an Ohio state court, seeking damages for breach of a contract, promissory estoppel, equitable estoppel, unjust enrichment, quantum meruit and/or restitution ("*cab I*").  The case was removed to federal court, and was eventually tried to a

jury in this Court in 2004.  The initial complaint in *cab I* was filed on March 7, 2003.  cab filed its answer *instanter* on April 16, 2003.  Tharo then filed a first amended complaint on September 11, 2003.  cab filed its answer to the first amended complaint on September 25, 2003.

All of Tharo's claims in *cab I* arose out of the same Letter of Understanding ("LOU") that is the subject of this case.  In particular, Tharo's third claim was based on paragraph 10 of the LOU, which provides, in relevant part, as follows:

> After cancellation from one side, each partner is required to deliver his products of the CTC project for 2 more years . . . . If the CTC partnership is dissolved, each partner gets full information from the other side in the way of drawings, sources for DLL etc. so as to be able to continue the sale of these products.

Tharo's third claim alleged that cab breached the contract by failing to provide full information to Tharo on a product referred to as the A series printer, as required by paragraph 10 the LOU.  The jury found in favor of Tharo on that claim as well as on its second breach of contract claim based on another paragraph of the LOU.

In the instant case, Tharo seeks a declaration that cab is barred from asserting a claim to the source code for the Easylabel products because cab failed to raise such a claim as a compulsory counterclaim in *cab I*.  cab asserts that at the time it filed its answer to the complaint in *cab I*, any counterclaim for the Easylabel source code had not yet matured and that therefore, such a claim could not have constituted a compulsory counterclaim.

## **II. Analysis**

Under the Federal Rules of Civil Procedure, certain counterclaims are compulsory in the sense that if they are not plead, they are waived.  Fed. R. Civ. P. 13(a) provides in pertinent part as follows:

> A pleading shall state as a counterclaim any claim which at the time of the serving

>of the pleading the pleader had against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and that does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). Thus, a counterclaim is compulsory if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of third parties of whom the court cannot acquire jurisdiction. It is well-established that "an opposing party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Baker v. Golden Seal Liquors, Inc.*, 417 U.S. 467, 469 (1974).)

To determine whether a counterclaim arises out of the same transaction or occurrence as the claim, the Sixth Circuit looks to whether there is a logical relationship between the claim and the counterclaim. *Sanders*, 936 F.2d at 277. Under the logical relationship test, the court must determine "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id*. If the logical relationship test is satisfied, the claim is a compulsory counterclaim.

Any claim by cab for the Easylabel source code under the LOU satisfies the logical relationship test. All of Tharo's claims in *cab I* arose out of the LOU. Moreover, Tharo's third claim in *cab I*, the claim for the A series printer information, arose out of paragraph 10 of the LOU. Any claim by cab for the source code to the Easylabel products would also arise out of that paragraph of the LOU. Both claims would involve the interpretation of the LOU and both claims would raise similar issues of law and fact and require substantially the same evidence.

At the hearing, counsel for cab acknowledged that if cab's claim to the source code had matured at the time it filed its answer on April 16, 2003, such a claim would have been a

compulsory counterclaim in *cab I*.  Rather, cab argued that because it filed its answer to the initial complaint in *cab I* on April 16, 2003, approximately two weeks before the cancellation of the LOU on May 1, 2003, its claim for the source code had not yet matured, and that only counterclaims that have matured or are in existence at the time a defendant files an answer are compulsory.[1]  cab's argument, however, ignores the very relevant fact that Tharo filed an amended complaint on September 11, 2003, to which cab filed an answer on September 25, 2003.

In responding to Tharo's arguments at the hearing, cab asserted that the term "pleading" as used in Fed. R. Civ. P. 13(a) refers only to cab's answer to Tharo's initial complaint and not its answer to Tharo's first amended complaint.  Yet, cab failed to provide any legal or logical argument in support if its position at the hearing, and the Court finds no basis in law or logic for such an interpretation.  The plain meaning of the word "pleading" as used in Fed. R. Civ. P. 13(a) is clear.  The rule simply refers to pleadings, not initial pleadings or original pleadings.  Were the rule intended to apply only to initial or original pleadings, the rule could easily have been drafted to accomplish that end.

Further, the other references to the unqualified word "pleading" throughout the Federal Rules, make clear that the word, when unqualified, encompasses all pleadings, not just initial or original pleadings.  *See, e.g.*, Fed. R. Civ. P. 10.  Where the rules refers to only specific types of pleadings, they clearly indicate as such.  For example, Fed. R. Civ. P. 10(a) distinguishes the complaint from "other pleadings."  In addition, Fed. R. Civ. P. 10(b) use of the words "succeeding pleadings" necessarily implies that a "pleading" is not only an initial or original

---

[1] In *cab I*, this Court determined that the LOU was effectively cancelled on May 1, 2003.

pleading; if it were otherwise, there would be no need to qualify the word "pleadings" with the word "succeeding."

Finally, other federal courts have interpreted, either explicitly or by implication, the general term "pleadings," as used in other provisions of the Federal Rules, to encompass both an answer to an amended complaint and an answer to an original complaint. *See Coyne v. Somerville*, 972 F.2d 440 (1st Cir. 1992) ("Rule 7(a) defines 'pleadings' as, among other things, 'a complaint and answer.' Plaintiff supplies no precedent nor any persuasive reason for our excluding an answer to an amended complaint from this definition. We therefore decline to do so."); *United States Trust Co. v. Sears*, 29 F. Supp. 643, 645 (D. Conn. 1939) ("The pleadings consisted of a complaint and an amendment thereto by the plaintiffs, defendant's answers to both the complaint and its amendment admitting all allegations of fact and stating two partial defenses and one complete defense, and plaintiffs' reply admitting the allegations of fact of these three defenses.")

Based on the plain meaning of the word, the use of the word in other provisions throughout the Federal Rules, and the above-cited cases, the Court finds that the word "pleading" as used in Fed. R. Civ. P. 13(a) refers to both an answer to a complaint and an answer to an amended complaint. Thus, applying Fed. R. Civ. P. 13(a) to the instant case, when cab filed its answer to Tharo's first amended complaint on September 25, 2003, it was required to "state as a counterclaim any claim which at the time of serving the pleading," cab had against Tharo that arose "out of the transaction or occurrence" that was the subject matter of Tharo's claims and that did not require the presence of third parties of whom the court could not acquire jurisdiction. By September 25, 2003, any claim to the source code for the Easylabel products had been ripe

for adjudication for over four months.  As discussed above, that claim was a compulsory counterclaim.  By failing to assert such a claim in *cab I*, cab waived that claim and is barred from asserting it ever again.

### III.  Conclusion

For the foregoing reasons, Tharo is entitled to the declaratory judgment requested in Count II of its First Amended Complaint:  Any claim to the source code for the Easylabel software, asserted by cab against Tharo, is barred by cab's failure to assert the claim in the prior litigation between the parties.  As the disposition of Count II renders an adjudication of Count I unnecessary, Tharo's claim in Count I is dismissed.

**IT IS SO ORDERED.**

*s/Nancy A. Vecchiarelli*
United States Magistrate Judge

DATE: November 29, 2007